## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MILOSLAV MULLER,**

     **Plaintiff,**

**vs.**                                        **No. 1:16-cv-00217-MCA-SCY**

**DONNA PEARSON-CHAVEZ, in her
Individual capacity as The Islands HOA
Manager;**

**GLORIA NIEVES, in her individual
Capacity as the Islands HOA President;**

**DOROTHY M. ROMAN, in her individual
Capacity as former The Islands HOA
President;**

**ASSOCIA CANYON GATE REAL
ESTATE SERVICES, AAMC;**

**THE GROUNDS GUYS OF RIO
RANCHO;**

**SUNLAND ASPHALT**

**and JOHN DOES NO. 1-10, fictitious
Names of other persons or businesses who
Directly participated in the planning or
execution of the relevant facts of violation
of right of Plaintiff,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

     **THIS MATTER** is before the Court on *Defendant the Grounds Guys of Rio*

*Rancho's Motion  to Dismiss*, filed July 7, 2016 (Doc. 10); *Motion to Dismiss on Behalf*

*of Defendants Pearson-Chavez, Nieves, Roman, and Associa Canyon Gate Real Estate Services*, filed July 11, 2016 (Doc. 12); *Motion to Dismiss of Behalf of Defendant Sunland Asphalt*, filed July 21, 2016 (Doc. 23); and *Plaintiff's Motion for Leave to File [Proposed] Second Amended Complaint*, filed August 29, 2016 (Doc. 37).  The Court has considered the parties' submissions, the relevant law, and is otherwise fully advised in the premises.

## BACKGROUND

The following facts are taken from Plaintiff's *First Amended Complaint* (the *Complaint*).  Plaintiff owns a townhouse in an adult retirement community called "The Islands."  [Doc. 8 ¶ 7]  As a homeowner, Plaintiff has a contractual relationship with the Homeowners Association of The Islands (the HOA).  [Id.]  The contract governs maintenance of the common areas of The Islands.  [Id.]

Defendant Donna Pearson-Chavez  is the manager of The Islands and, as such, she has contractual duties to manage the affairs of the HOA.  [Doc. 8 ¶ 8]  Ms. Pearson-Chavez  is an employee of Defendant Associa Canyon Gate Real Estate Services, AAMC (Associa).  [Id.]  Defendant Gloria Nieves is a board member, and president, of the HOA. [Doc. 8 ¶ 9]  Defendant Dorothy Roman is a former member of the HOA, and until February 2015 she served as its president.  [Doc. 8 ¶ 10]  Defendant Associa is a professional management company specializing in homeowners association and condominium management, and it has had a contractual relationship for management of the HOA since 2011.  [Doc. 8 ¶¶ 14-15]  The Grounds Guys of Rio Rancho (the Grounds Guys) is a company that provides professional landscaping and lawn maintenance

2

services, including pest and weed control.  [Doc. 8 ¶ 19]  Sunland Asphalt is a company

that provides road repair and maintenance services.  [Doc. 8 ¶ 21]

On April 14, 2009, Plaintiff made a report to the New Mexico Department of

Agriculture (the NMDA) regarding "an environmental and public health incident that

took place at The Islands" on April 8, 2009.  [Doc. 8 ¶ 24]  In Plaintiff's own words the

April 8, 2009 incident involved:

> [a]mong other things such as off-target drift contamination of a large
> adjacent lake surrounding The Islands with carcinogenic pesticide
> SPEEDZONE that soaked through the lake's significantly damaged plastic
> liners into the Albuquerque aquifer, that provides drinking water for over
> half million of the New Mexico residents, Plaintiff also reported . . . a toxic
> exposure of an African-American male employee of Shamrock
> Landscaping, who had an employment contract with that privately-owned
> landscaping company.
>
> The affected employee sprayed from a backpack sprayer the above-
> mentioned pesticide without any personal protective equipment during high
> winds exceeding 30 mph, with direct knowledge of The Islands' manager
> Lorna Fossenier, and other members of the board of Directors of the Islands
> HOA (all Caucasians), who intentionally and willfully failed to take any
> safety precaution to prevent this incident as required by federal and state
> laws.
>
> For example, a digital photo taken by Plaintiff on April 8, 2009 at
> 3:44 p.m., showed the affected African-American male spraying toxic
> pesticides from his backpack sprayer at The Islands' south lake shore
> during high winds, and without any protective equipment.

[Doc. 8 ¶¶ 24-26]

In response to Plaintiff's report, NMDA conducted an investigation which

included interviewing: "the affected African-American employee and his supervisor, Mr.

Gary Tansey, the owner of Shamrock Landscaping, who had a landscaping contract with

the Islands HOA"; Plaintiff; The Islands manager, Lorna Fossenier and her husband Jerry

Fossenier, who was a member of the Board of Directors of The Islands.  [Doc. 8 ¶¶ 27-28]  In Plaintiff's own words, the investigation revealed:

> that the affected African American employee of Shamrock Landscaping was not aware that he was spraying toxic substances . . . and that he was unwillingly exposing to himself with significant dose of carcinogens.
>
> . . . .
>
> In addition, the NMDA's investigation revealed that the Board of Directors of the Islands were significantly responsible for this malfeasance by awarding a landscaping contract to a non-licensed company Shamrock Landscaping, who used an unsuspecting African-American temporary employee of his company to apply toxic substances without any training or knowledge as required by the OSHA's, the EPA's, and by the State of New Mexico's laws and statutes.

[Doc. 8 ¶¶ 29-31]

As a result of NMDA's investigation, "Shamrock was forced to cease any applications of pesticides at The Islands for the next few months . . . and the affected African American employee was not any longer employed by" Shamrock.  [Doc. 8 ¶ 34] NMDA did not "properly address toxic exposure of the affected African American employee" from which, Plaintiff claims,

> it is patently clear that the NMDA's officials . . . and other employees involved in [the] investigation of that incident, in the same way like recently did their counterparts in Flint, Michigan, deliberately attempted to cover-up this racially-motivated public health malfeasance, because of the <u>race</u> of the affected Shamrock Landscaping employee.

[Doc. 8 ¶¶ 35-37]

Plaintiff alleges that the foregoing "racially-motivated" failure on behalf of NMDA officials "gave a green light to The Islands HOA Management to retaliate against Plaintiff, because of his association/advocacy on behalf of the adversely affected African-American Shamrock Landscaping employee."  [Doc. 8 ¶ 38]   The present lawsuit arises out of the alleged retaliatory acts taken against Plaintiff by Defendants who, Plaintiff alleges, have "conspired among each other" to subject Plaintiff "to a pattern of racially-motivated retaliatory acts consisting [of] intentional refusal to provide Plaintiff with contractual services he has under The Islands By-laws[.]"   [Doc. 8 ¶ 39]  In several allegations, Plaintiff describes the "retaliatory acts" which consist mostly of landscaping and maintenance activities and failures at The Islands.  [Doc. 8]

In relevant part, the *Complaint* contains the following cause of action:  "Racially-Motivated Retaliation in Violation of Section 1981 (42 U.S.C. § 1981) by Refusing to Provide Contractual Services."  [Doc. 8 p. 23]  This claim is premised upon

> The actions taken against Plaintiff by Defendants listed in this case, consisting in intentional failures to provide contractual services to Plaintiff he had under The Islands By-laws, were motivated by intent to retaliate against Plaintiff, because of his statutory protected objections to what he reasonabl[y] perceived was racially-motivated violation of employment [contract] of affected African-American Shamrock Landscaping employee[.]

[Doc. 8 ¶ 115]

## Standards Governing a Rule 12(b)(6) Motion to Dismiss

Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief."  To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact, taken as true,

"to state a claim for relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). In applying this test, the Court accepts as true "all plausible, non-conclusory, and non-speculative" facts alleged in the complaint. *Shrader v. Al Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Accordingly, in ruling on a Rule 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest [that] the defendant is liable." *Collins*, 656 F.3d at 1214.

**ANALYSIS**

**I.      Plaintiff's First Amended Complaint Shall Be Dismissed**

42 U.S.C. § 1981(a) protects the rights of all persons within the United States "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" Its "specific function" is to protect the equal right of all persons "to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006). It applies to nongovernmental discrimination as well as impairment under color of state law. § 1981(c).

Section 1981 also "encompasses a complaint of retaliation against a person who complained about a violation of another person's contract-related right." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 445 (2008). To state a claim of retaliation under Section 1981 the plaintiff must, at the outset, make a prima facie showing of retaliation. *Somoza*

*v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008). That is, the plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable [person] would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Id.* Plaintiff's claim fails to satisfy the first requirement, and therefore his Section 1981 retaliation claim cannot survive.

The notion that Plaintiff's reporting activities regarding the "unsuspecting African-American employee" of Shamrock constituted "protected opposition to discrimination" has already been rejected by our Tenth Circuit. *See Muller v. Islands at Rio Rancho Homeowner's Ass'n.*, 564 Fed. Appx. 411-414 (10th Cir. 2014). In affirming the dismissal of an earlier Section 1981 claim of retaliation brought by Plaintiff against two of the Defendants in this case, our Tenth Circuit stated the following:

> Muller's complaint failed to allege the violation of another person's contract-related right and that such violation was race-based. The complaint does not, as it must identify an impaired contractual relationship, or even allege a contractual relationship with the African-American employee and defendants. Such facts are necessary to demonstrate that Muller engaged in protected opposition to race-based discrimination—that is that, Muller was retaliated against for complaining about the violation of another person's contract-related right.

*Id.* at 414 (citations omitted).

The issue whether Plaintiff's account of his "association/advocacy on behalf of the adversely affected African-American Shamrock Landscaping employee" constituted protected activity under Section 1981, having been "actually litigated and necessarily determined" in Plaintiff's prior case, cannot be raised again here. *See Knight v. Mooring*

*Capital Fund, LLC*, 749 F.3d 1180, 1186 (10th Cir. 2014) ("The principle of issue preclusion operates to bar from relitigation" an issue raised by a party in a prior action which was adjudicated in the prior case, and was necessary to the outcome of the prior case.); *see Stan Lee Media, Inc. v. The Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014) (stating that issue and claim preclusion doctrines apply to actions that are dismissed for failure to state a claim).

Furthermore, even if the Court were to consider anew whether Plaintiff's purported advocacy on behalf of the unnamed "African American employee" constituted protected activity under Section 1981, Plaintiff's retaliation claim would nevertheless fail. The *Muller* court's reasoning, quoted above, applies as well in the present case as it did in *Muller*. There is absolutely nothing in the *Complaint* that plausibly demonstrates race-based animus toward the "African American employee" of Shamrock. And Plaintiff's apparent attempt, in the *Complaint* presently before the Court, to have remedied the pleading defect observed by Our Tenth Circuit by adding speculative and conclusory allegations that the unnamed "African American employee" had an employment contract with Shamrock, is ineffective. *See Shrader*, 633 F.3d at 1243 (stating that conclusory and speculative factual allegations are not accepted as true).

For the foregoing reasons, Plaintiff's Claim of "Racially-Motivated Retaliation in Violation of Section 1981 (42 U.S.C. § 1981) by Refusing to Provide Contractual Services" shall be dismissed.

The Court having concluded that Plaintiff's federal claim shall be dismissed, shall not exercise jurisdiction over Plaintiff's claim arising under state law. *See Koch v. City*

*of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## II.   Plaintiff's Motion For Leave to File A Second Amended Complaint Is Denied

Plaintiff also seeks leave to file a Proposed Second Amended Complaint.  [Doc. 37] Defendants oppose the *Motion*.  [Doc. 37; Doc. 40; Doc. 41]

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading with the court's leave, and provides that "[t]he court should freely give leave when justice so requires."  In its discretion, the Court "may deny leave to amend where the amendment would be futile." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Serv's, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.*

In relevant part, Plaintiff's *Proposed Second Amended Complaint* includes two federal claims:  (1) a "Violation of Section 1981 (42 U.S.C. § 1981) Retaliatory Refusal to Provide Contractual Services"; and (2) a "Violation of Section 1985 (42 U.S.C. § 1985(3)) Conspiracy to Interfere with Plaintiff'[s] Civil Rights."  [Doc. 37-1 p. 49-56] Both claims are premised on the notion that Defendants have unlawfully retaliated against Plaintiff for having undertaken the protected activity of opposing Shamrock's racial discrimination toward its "African-American employee" in 2009.  For the reasons already discussed, Plaintiff's Section 1981 claim is not viable.

42 U.S.C. § 1985 prohibits conspiracies purposed to interfere with civil rights.  Of relevance here, subsection 3 provides:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

"Section 1985(3) provides no substantive rights itself[.]" *Great Am. Fed. Sav. Loan Ass'n v. Novotny*, 442 U.S. 366, 372  (1979).  "It is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section."  *Id.* at 376.  Thus, to bring a lawsuit under Section 1985(3), a plaintiff must plead, among other things, a conspiracy aimed "at a deprivation of the equal enjoyment of rights secured by the law to all." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff's *Proposed Second Amended Complaint* does not satisfy this requirement.

Plaintiff's allegations reflect that the object of the speculatively alleged conspiracy[1] among Defendants is not to deprive Plaintiff of the equal enjoyment of federal rights secured by the law to all; but, rather, to refuse to perform various landscaping and property-maintenance tasks to Plaintiff's standards.  [Doc. 37-1p. 53-57]  Section 1985(3) is not the appropriate vehicle to remedy the particular wrongs that Plaintiff claims to have

---

[1] "[C]onspiracy claims cannot stand on vague and conclusory allegations; but rather, must be pled with some degree of specificity."  *O'Connor v. St. John's College*, 290 Fed.Appx. 137, 141 (10th Cir. 2008).

suffered.  *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) ("§ 1985(3) does not

apply to all tortious conspiratorial interferences with the rights of others, but rather only

to conspiracies motivated by some racial, or perhaps otherwise class-based invidiously

discriminatory animus.").

Because the two federal claims in Plaintiff's *Proposed Second Amended Complaint*

would be subject to dismissal, the Court shall deny *Plaintiff's Motion for Leave to File*

*[Proposed] Second Amended Complaint*.  *Jefferson Cty. Sch. Dist. No. R-1*, 175 F.3d at

859 (stating that the Court may deny leave to amend a complaint where the complaint, as

amended, would be subject to dismissal).

**CONCLUSION**

For the foregoing reasons, *Defendant the Grounds Guys of Rio Rancho's Motion*

*to Dismiss*, filed July 7, 2016 (Doc. 10) is **Granted**.  The *Motion to Dismiss on Behalf of*

*Defendants Pearson-Chavez, Nieves, Roman, and Associa Canyon Gate Real Estate*

*Services*, filed July 11, 2016 (Doc. 12) is also **Granted**.  And the *Motion to Dismiss of*

*Behalf of Defendant Sunland Asphalt*, filed July 21, 2016 (Doc. 23) is also **Granted**.

*Plaintiff's Motion for Leave to File [Proposed] Second Amended Complaint*, filed August

29, 2016 (Doc. 37) is **Denied**.

**SO ORDERED** this 7th day of February, 2017.

_____

 M. CHRISTINA ARMIJO
 Chief United States District Judge